UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | |
|---|---|
| ALLEN D. DANIEL #53719, | ) |
| Plaintiff, | ) Case No. 2:08-cv-160 |
| v. | ) HON. R. ALLAN EDGAR |
| MICHIGAN DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) **OPINION** |
| Defendants. | ) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

  I.  Factual Allegations

  Plaintiff Allen D. Daniel #53719, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections (MDOC), Officer of Administrative Hearings, Warden Jeri-Ann Sherry, Assistant Deputy Warden Unknown Boyton, Assistant Deputy Warden Unknown Mackie, Assistant Resident Unit Supervisor Ken Donton, Assistant Resident Unit Supervisor Vicki Weisinger, Resident Unit Manager Unknown Lemon, Resident Unit Manager Unknown Mansfield, Unknown Winiski, Corrections Officer Unknown Schoebert, James Armstrong, Kenneth MacEachen, Richard Stapleton, Mike Cox, Jennifer Granholm, Leo Friedman, Patricia Caruso, Unknown Internal Affairs Agents, Michigan Department of State Police, Jeffery Stieve, Lavea Hiertz, Anthony McCloud, Christopher Chrysler, Corrections Officer Unknown Beajou, Corrections Officer Unknown Swindles, Corrections Officer Unknown Gramer, Corrections Officer Unknown Elliot, Corrections Officer Unknown Gardner, Grievance Coordinator M. McClean, Sergeant Unknown Tessmer, Sergeant Unknown McKay, Sergeant Unknown Peters, Sergeant Unknown Biggers, and Ivan MacDonald.

  In his complaint, Plaintiff states that he has been denied First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth and Nineteenth Amendment rights by Defendants. Plaintiff claims that he as been sexually and otherwise assaulted, refused adequate medical care, had his legal mail destroyed, and been refused copies and other assistance he required in order to file legal actions. Plaintiff states that this conduct was motivated by a desire to

discriminate against him on the basis of his race and religious beliefs, as well as a desire to retaliate against him for filing legal actions. Plaintiff seeks equitable relief.

  II.  <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

  The court notes that Plaintiff's complaint consists of a variety of conclusory claims that he suffered violations of his constitutional rights. However, Plaintiff's complaint must afford the Defendant "fair notice of what Plaintiff's claim is and the grounds upon which it rests." *Brooks v. American Broadcasting Companies, Inc.*, 932 F.2d 495 (6th Cir. 1991). More than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-437 (6th Cir. 1988); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). Vague and conclusory allegations which are not supported by specific facts cannot sustain a civil rights claim. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (bare allegations of malice are insufficient to state a claim); *Brooks*, 932 F.2d at 498-499; *Scheid*, 859 F.2d at 436-437. *See also Branham v. Spurgis*, 720 F.

Supp. 605, 607, n. 3 (W.D. Mich. 1989). Because Plaintiff fails to allege any specific facts regarding the dates of asserted violation or the specific Defendants involved in each asserted violation, his complaint is properly dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

In addition, Plaintiff's pending motions for preliminary injunction / injunction declaratory relief, to amend the order denying the motion to disqualify the judge, to show cause, and for contempt (docket #3, #5, #19, #20, #21, and #22) are properly denied as moot.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:     2/3/09            */s/ R. Allan Edgar*
                             R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE